UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID CHAVEZ, | Case No. 6:15-cv-01749-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER,<br>Social Security Administration, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is an unopposed Motion and Memorandum for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") filed by plaintiff David Chavez ("Chavez") . Although Chavez is the claimant in this case, the real party in interest to this motion is his attorney, Drew L. Johnson, P.C. ("Johnson, P.C."), and the Commissioner does not oppose the motion, but

merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Johnson, P.C. is entitled to fees under Section 406(b) in the amount of $9,000.50.

*Procedural Background*

Chavez filed his applications for Disability Insurance and Supplemental Security Income benefits on February 20, 2010, originally alleging an onset date of January 1, 1987, and then amending the onset date to January 1, 1998. His applications were denied initially and on reconsideration. On June 26, 2012, an Administrative Law Judge ("ALJ") issued an opinion in which he found Chavez disabled as of the amended onset date. The Appeals Council, on its own motion, set aside the favorable decision on March 2, 2013, and remanded the action for a second hearing with directions to, among other things, update the medical evidence with a comprehensive medical examination.

On June 12, 2014, a second ALJ issued an opinion in which he found Chavez not disabled and, therefore, not entitled to benefits. The ALJ found Chavez: (1) suffered from the severe impairments of ADHD, depressive disorder, generalized anxiety disorder, and methamphetamine abuse; (2) retained the residual functional capacity to perform a full range of work at all exertional levels but was limited to simple, repetitive, routine tasks requiring no more than occasional interaction with supervisors and co-workers, and no interaction or contact with the general public; (3) was unable to perform any past relevant work; and (4) was unable to perform any jobs in the national economy while engaging in substance abuse, but would be able to perform jobs such as cleaner, sorter, and marker if he discontinued his substance abuse. In light of finding Chavez's substance use was a contributing factor material to the determination of disability, the ALJ found

Chavez not disabled between his alleged onset date of January 1, 1998, and the date of the decision, or June 12, 2014. That decision became the final decision of the Commissioner on August 3, 2015, when the Appeals Council denied Chavez's request for review.

Chavez sought review of the Commissioner's decision by filing a complaint in this court on September 15, 2015. In his opening brief filed March 31, 2016, Chavez alleged the ALJ erred in three respects: (1) mischaracterizing the findings of Dr. Northway; (2) failing to comply with Social Security Ruling 83-20; and (3) failing to obtain a comprehensive mental status examination as directed by the Appeals Council. On August 4, 2016, the parties filed a Stipulated Motion for Remand. The following day, the court entered an Order of Remand (the "Order") directing the ALJ to: (1) update medical records with a psychodiagnostic evaluation that includes objective testing pursuant to the Appeals Council remand order; (2) reevaluate the medical evidence of record, especially the opinion of Dr. Northway; (3) obtain medical expert testimony at the hearing to establish an onset date for any disabling impairments, pursuant to the Appeals Counsel remand order and Social Security Ruling 83-20; (4) reevaluate the intensity, persistence, and limiting effects of Chavez's symptoms, consistent with Social Security Ruling 16-3p and Chavez's residual functional capacity; (5) perform new steps four and five analyses, obtaining additional vocational expert testimony, if necessary; and (6) reevaluate the materiality of Chavez's substance abuse in accordance with 20 C.F.R. §§ 404.1535 and 416.935, and Social Security Ruling 13-2p. Additionally, the Order recommended the ALJ use a different medical expert, if possible, and allow the medical expert to address materiality.

On November 17, 2016, Chavez filed a Settlement and Stipulated Motion for Entry of Order Awarding Attorney's Fees Pursuant to EAJA (the "EAJA Motion"). In the EAJA Motion, Sherwood

J. Reese, an attorney employed by Johnson, P.C. ("Reese"), represented Chavez's legal counsel spent 47.4 hours on this matter. The parties agreed reducing the billed hours by twenty percent, to 37.9 hours, at the 2016 CPI-U rate of $191.70, for a total of $7,265.43, represented a reasonable settlement of attorney fees under the EAJA. The court granted the EAJA Motion the following day. Chavez filed the instant Motion and Memorandum for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) requesting attorney fees in the amount of $11,256.44 on March 26, 2018. The Commissioner does not oppose the motion.

*Legal Standard*

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2018). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

*Discussion*

The parties do not dispute Chavez is the prevailing party in this matter. Additionally, the

Commissioner does not challenge the amount Johnson, P.C. requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Chavez's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Johnson, P.C. from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Chavez and Johnson, P.C. executed a retainer agreement, which provided: "I agree that my attorney shall charge and receive as a fee for his work at the federal level an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded me and my family in the event my case is won." (Pl.'s Mot. and Mem. for Approval of Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 25 ("Pl.'s Mot."), Ex. B.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Chavez. Reese provided a document from the Social Security Administration (the "Administration") entitled "Notice of Award," which details retroactive benefits due Chavez in the amount of $45,025.76. (Pl.'s Mot. Ex. A, at 3.) Johnson, P.C. seeks attorney fees of $11,256.44, which is twenty-five percent of Chavez's retroactive benefits. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statute, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808). Here, Johnson, P.C. seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id*. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).

The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry,

however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id*. at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested Section 406(b) fee due to the character of the representation by Johnson, P.C. In fact, Johnson, P.C. prevailed after filing its opening brief and earned a stipulated remand for consideration of each of the items identified in the opening brief.

### B. Results Achieved

The court ordered a remand of Chavez's claim, which resulted in an award of benefits for Chavez. However, the award was less than that requested by Chavez. Chavez sought both Disability Insurance Benefits and Supplemental Security Income benefits but was awarded only Supplemental Security Income benefits. Additionally, Chavez alleged an onset date of January 1, 1998, but was awarded benefits from February 2010, the date of his application. While Johnson, P.C. achieved a positive result for Chavez, it was not the best possible result.

### C. Undue Delays

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Chavez took over a month to serve the Commissioner but then filed his opening brief timely. The Commissioner obtained two one-month extensions of time to file a responsive brief to

allow time to explore settlement, obtain settlement authority, and discuss settlement options, as well as accommodate a two-week absence from the office. Once the Order was entered, Chavez took nearly two weeks to file a proposed judgment. Nevertheless, the action was resolved in less than a year, a shorter period than normal due to the stipulated remand. Accordingly, a reduction of Johnson, P.C.'s fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Reese filed an twenty-page opening brief asserting three errors by the ALJ. Specifically, Reese argued the ALJ mishandled Dr. Northway's findings, failed to comply with Social Security Ruling 83-20, and failed to obtain a comprehensive mental status examination to, among other things, clarify the onset date. The settlement and resulting Order addressed each of these arguments, requiring the third ALJ to reevaluate Dr. Northway's opinion, obtain medical expert opinion to establish an onset date pursuant to Social Security Ruling 83-20, and update the medical records with a psychodiagnostic evaluation that includes objective testing on remand. Consequently, Reese prevailed on the arguments asserted in his opening brief.

Chavez is entitled to $45,025.76 in retroactive Supplement Security Income benefits. Reese reports, and the time records confirm, Johnson, P.C. expended slightly less than forty-five hours representing Chavez in this matter. This time expenditure exceeds the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does

not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). In light of the settlement, which eliminated the need for reply briefing and hastened resolution of this matter, the forty-five hours seems excessive. The parties apparently recognized this when they agreed to decrease the hours billed by twenty percent in the EAJA Motion. The court finds the twenty-percent reduction to be reasonable in this instance and applies the same deduction to the hours requested under Section 406(b). Consequently, the court finds Johnson, P.C. may recover for only 37.9 billable hours at the requested hourly rate.

Johnson, P.C. seeks an effective hourly rate of $237.48 for its representation of Chavez before this court. This hourly rate is justified by the results Johnson, P.C. achieved, and is consistent with those found reasonable for Reese's[1] services by another judge in this district. *Fischer v. Comm'r, Soc. Sec. Admin.*, Case No. 6:16-cv-00740-SU, 2017 WL 3951644 (D. Or. Sept. 8, 2017)(effective hourly rate of $233.23).

*E. Risk*

Johnson, P.C. contends this case presented a specific risk because of its unusual procedural history with two ALJ's reaching opposite conclusions, a remote onset date, extensive drug use, limitations on testimony, and the absence of a comprehensive mental status examination. The court disagrees the extensive consideration afforded Chavez's applications at the administrative level created an increased risk. To the contrary, the opinions issued by the ALJs and the Appeals Council allowed Johnson, P.C. to identify issues, as well as research and arguments supporting such issues. Moreover, that one ALJ found in Chavez's favor enhanced the likelihood of success when compared to other social security cases. The court finds an adjustment to the requested fee based on risk

---

[1]Reese performed the majority of the services on Chavez's behalf.

factors is not warranted.

## *Conclusion*

For the reasons stated, Chavez's Motion and Memorandum for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 25) is GRANTED in part and Johnson, P.C. is awarded $9,000.50 in attorney fees. In light of the EAJA fees previously awarded Johnson, P.C. in the amount of $7,265.43, the amount due to Johnson from Chavez's retroactive benefits is $1,735.07.

DATED this 8th day of May, 2018.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge